IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIDA UTILITY TRAILERS, INC.,            Case No. 8:22-cv-1516

      Plaintiff,

v.

TRIDENT TRANSPORT, LLC; and
CURRY & THOMPSON LOGISTICS, LLC,

      Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 49 U.S.C. § 14706, 28 U.S.C. § 1445(b), and 28 U.S.C. § 1446, Defendant, TRIDENT TRANSPORT, LLC ("Trident"), hereby gives notice of the removal of the above-captioned action on the grounds set forth below:

1.    **Plaintiff's State Court Action.** On May 20, 2022, Plaintiff FLORIDA UTILITY TRAILERS, INC ("Plaintiff") initiated the instant action by filing a Complaint for Damages in in the Circuit Court for the 10th Judicial Circuit in and for Polk County, Florida, docketed as Case No. 2022CA 001701-0000-00 ("State Court Action" or "Complaint"). Plaintiff's Complaint alleged that on January 14, 2022, Defendant CURRY & THOMPSON LOGISTICS, LLC, ("Curry") damaged Plaintiff's trailer (the "Trailer") while transporting the Trailer from Glade Spring,

4878-9822-3142.1

Virginia, to Lakeland, Florida (the "Shipment"). A true and correct copy of Plaintiff's Complaint and the Summons to Trident is attached hereto as **Exhibit 1**.

2.      **Timeliness of Removal.** Trident first received a copy of Plaintiff's Complaint by process server on June 15, 2022. Accordingly, this Notice of Removal is timely because it is being filed within thirty (30) days after Trident's first receipt of the Complaint.

3.      **Legal Basis for Removal.** This matter is properly removable pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 49 U.S.C. § 14706 (the "Carmack Amendment"), and 28 U.S.C. § 1445(b) (removal proper where Carmack Amendment claim exceeds $10,000.00 in controversy).

4.      Plaintiff's Complaint constitutes a civil action brought under the Carmack Amendment, 49 U.S.C. § 14706, because: (a) Plaintiff alleges that Curry, acting as a motor carrier, provided interstate transportation services for the Shipment from Glade Spring, Virginia, to Lakeland, Florida (Exhibit 1, p. 2-4); (b) actual loss or injury allegedly occurred to the Shipment (*Id.*); and (c) Curry allegedly caused the loss or injury (*Id.*). Further, Plaintiff alleges the cost to repair the Trailer is $30,904.60 (*Id.* at ¶11), thus satisfying the jurisdictional minimum for removal of Carmack Amendment claims. *See* 28 U.S.C. § 1445(b)

5.      The Carmack Amendment, 49 U.S.C. § 14706, completely preempts Plaintiff's state-law claims, which in turn makes the claim removable to this Court:

> Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods by a common carrier*. Accordingly, we hold that the complete pre-emption doctrine applies. Because the Carmack Amendment provides the exclusive cause of action for such claims, we find that [plaintiff's] claims "only arise[] under federal law and could, therefore, be removed under § 1441."

*Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003); *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-89 (9th Cir. 2007) ("We hold that the Carmack Amendment is the exclusive cause of action for [interstate-shipping] contract claims alleging delay, loss, failure to deliver or damage to property. Hall's breach of contract claim is completely preempted by the Carmack Amendment and satisfies the minimum amount in controversy. *See* 28 U.S.C. § 1337(a) ($10,000 minimum). … [T]he district court properly denied Hall's motion to remand."); *D'Angola v. Gobucks, Inc.,* No. 07-60864-CIV, 2007 U.S. Dist. LEXIS 104402, at *13-14 (S.D. Fla. Aug. 8, 2007) (concludes that the complete preemption doctrine does apply to the Carmack Amendment, based on the Supreme Court's reasoning in *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) and the unusually

powerful preemptive effect of the Carmack Amendment); *U.S. Aviation Underwriters v. Yellow Freight Sys.*, 296 F. Supp. 2d 1322, 1337 (S.D. Ala. 2003).

6.      Removal of the above-entitled action to this Court is therefore permissible under 28 U.S.C. §§ 1441(a) and 1445(b) because it is a civil action to recover damages against a carrier for the alleged delay, loss, or injury of shipments arising under 49 U.S.C. § 14706, wherein the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs.

7.      **Venue.** Removal is properly made to the United States District Court for the Middle District of Florida, under 28 U.S.C. §1441(a), because Polk County, where the State Court Action is pending, is within the Middle District of Florida, Tampa Division.

8.      Pursuant to 28 U.S.C. §1446(d), written notice of the removal of this case (a copy of which is attached hereto as **Exhibit 2**), together with a copy of this Notice shall be filed with the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida and shall be served upon all parties to the action.

WHEREFORE, Trident hereby removes this civil action to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Taylor K. McKnight*
TAYLOR K. MCKNIGHT
Florida Bar No. 98687
taylor.mcknight@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
alyson.waller@lewisbrisbois.com
401 East Jackson Street, Suite 3400
Tampa, Florida 33602-5209
Phone: 813-739-1900
Fax: 813-739-1919
Attorneys for Defendant Trident Transport, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Clerk's CM/ECF System, which will send a Notice of Electronic Filing to the following:

**Paul E. Wilson**: pwilson@paulwilsonesq.com

4878-9822-3142.1